FILED

?014 OCT 14 PI 2 26

SUPERIOR COURT
GUAM

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM,<br><br>v.<br><br>DICKSY TIMOTHY ACHANTO,<br><br>Defendant. | CRIMINAL CASE NO. CF0312-14<br><br>DECISION AND ORDER |
| --- | --- |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 30, 2014 on Defendant Dicksy Timothy Achanto's Motion to Dismiss Indictment for Failure to Present Exculpatory Evidence. Attorney Raymond B. Ilagan represented the Defendant. Assistant Attorney General Shawn Brown represented the People of Guam ("Government"). Having reviewed the pleadings, the arguments therein, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 1, 2014, a grand jury returned an indictment charging Defendant with Third Degree Robbery (As a 3rd Degree Felony). The charge in the Indictment stems from a robbery complaint at Rosie's Apartments located in Tamuning, Guam, whereby victim Paula Sablan reported that her purse was grabbed from her person by a male who then ran away. (Decl. of Charles Kinnunen, Jun. 21, 2014.) Victim was able to identify the individual because of a teardrop tattoo on his face, which she noticed during the ensuing struggle. *Id.* The male



individual was later identified as the Defendant, Dicksy Tim Achanto ("Defendant"), when the victim was escorted to a parking lot at the Minagof Mart, located in Tamuning, Guam, and upon seeing Defendant stated, "that's the guy, that's him." *Id.*

On September 19, 2014, Defendant filed a Notice of Motion and Motion to Dismiss for Failure to Present Exculpatory Evidence. The Government filed its opposition on September 26, 2014. Pursuant to the Court's amended criminal scheduling order, the deadline for replies to oppositions was set for October 7, 2014. The Court, however, heard oral arguments on Defendant's Motion on September 30, 2014, and subsequently took the matter under advisement.

## DISCUSSION

At issue is whether the Government failed to present exculpatory evidence to the grand jury. Title 8 GCA § 50.46 provides: "The grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." 8 GCA § 50.46.

Defendant points out that the prosecution's presentation to the grand jury took only seven minutes. (Mot. Dismiss at 2, Sep. 19, 2014). Next, Defendant submits that civilian police reservist, Jean Abelon, who was the only person to testify before the grand jury testified that the alleged victim described the perpetrator as having a tattoo near his "right eye". *Id.* Abelon further testified that Defendant was arrested eleven days later based solely on the tattoo description. *Id.* Defendant argues that the exculpatory evidence that the government failed to inform the grand jury of was that the arresting officer, J.T. San Nicolas, indicated in his report and field notes that the tattoo on the defendant was not near his "right eye" but on his "left eye". *Id.* Having failed to present that detail, Defendant maintains that the grand jury was never given the opportunity to weigh all the evidence before returning the Indictment, and as a result, the Court should grant Defendant's Motion to Dismiss.

The Government opposes and argues that it had knowledge that indicates the victim first described one suspect as not being the individual that robbed her and eventually made a positive



identification stating "that's the guy, that's him" when referring to Defendant. (Opp'n Mot. at 2, Sep. 26, 2014). The Government submits that such evidence would create knowledge in the prosecuting attorney that information of a mistake of which side Defendant's tattoo was located is not exculpatory. *Id.* at 3. Further, the Government asserts that evidence of where the tattoo is located is not exculpatory considering the victim made a positive identification of the Defendant after observing him with the tattoo on a different side of his face than she originally believed. *Id.* Next, the Government argues that even if it did not have knowledge of the victim's positive identification of Defendant, the discrepancy of which side of Defendant's face the tattoo is located is insignificant. *Id.* The Government reasons that the victim merely said there was a tattoo on the suspect's face. Thus, the Government maintains that the fact that Defendant has a tattoo on the face, regardless of the exact location is not exculpatory. *Id.*

The Court agrees with the Government. The mere fact that a tattoo was on the side of a Defendant's face, which turned out to be the opposite side that the alleged victim originally believed does not tend to negate the guilt of Defendant. The fact that the alleged victim positively identified the Defendant, after dismissing another as the possible suspect, supports the Court's finding.

Also, Guam law provides an example of exculpatory evidence as "[e]vidence known to the prosecutor that would indicate [the] defendant was elsewhere at the time the crime was alleged to have been committed . . . ." 8 GCA § 50.46 (citing *People v. Sablan*, D.C. Cr. 85-0024A (1986)). Thus, a defendant's alibi is one example of evidence "which must be presented to the grand jury." *Id.* Additionally, "[w]ith respect to grand jury proceedings, the Defense Attorney assumes a greater burden of proof in attempting to negate defendant's guilt than does the Prosecuting Attorney in attempting to show reasonable cause." *Id.* (citing *People v. Gerber, et. al.*, Sup.Ct.Cr. #149F-78 (Order, Sep. 26, 1978)). Given the above authorities, the Court finds that the purported exculpatory evidence does not rise to the level of evidence that would tend to negate Defendant's guilt. Again, as explained above, the alleged victim positively identified the Defendant after having already dismissed another as a possible suspect, and after becoming aware that the identifying trait (the tattoo) was on the opposite side of Defendant's

face than originally believed. The Court does not believe that Defendant has met its burden of showing that this factual discrepancy negates Defendant's guilt sufficient to defeat the Government's burden to show reasonable cause. The Court's analysis would differ if, for example, the victim said Defendant had a tattoo on his face but then identified an individual with no tattoo, or no marks on his face that could reasonably be mistaken as a tattoo. However, that is not the case here. The fact that Defendant has a tattoo on his face, regardless of the exact location, it sufficient for the Court to conclude the Government did not violate its duty to disclose exculpatory evidence to the grand jury. Accordingly, the Court DENIES Defendant's Motion to Dismiss the Indictment for Failure to Present Exculpatory Evidence.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. Jury Selection and Trial is scheduled for ___OCT 2 1 2014 ᵃᵗ ¹³⁰ ᴾᴹ___.

**IT IS SO ORDERED** this _14_ day of October, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

..... ⁻⁻⁻ VIA COURT ⁻⁻X
I: ....dge that a copy of the
o. .. hereto was placed in the
cou⁻ ⁻⁻x of:
A6S/PDSC
Date: _____ Time: 2·3⁰ p.
Deputy Clerk, Superior Court of Guam

ORIGINAL